on the ground that the judgment is excessive under the figuration of the rate of interest inserted in the mortgage.

*Judgment accordingly.*

VICKERY, P. J., and LEVINE, J., concur.

BAUMANN, EXRX., *v.* MANGOLD ET AL.

(Decided March 4, 1929.)

*Mr. A. R. Hoffman,* for plaintiff in error.
*Messrs. Freiberg, Simmonds & Forchheimer,* for defendants in error.

HAMILTON, J. This case comes into this court from a judgment of the court of common pleas, sustaining a demurrer to the petition on the following grounds: Defect of parties plaintiff; defect of parties defendant; the petition does not state a cause of action; the cause of action set forth in the petition is barred by the statute of limitations; and plaintiff has no legal capacity to bring this action. The petition, because of its length, will not be fully copied in this opinion.

In considering the demurrer, we must take into consideration Section 11345, General Code, which provides that allegations in a pleading shall be liberally construed, in the interest of justice.

Taking the petition as a whole, it presented a proposition of a suit to have an equitable interest in real estate declared, and an accounting for rents and profits and for the proceeds derived by the holder of the legal estate from the sale, and unaccounted for to the holder of the equitable interest, and for such other equitable relief to which she may be entitled.

The action was brought by the administratrix of the estate of Josephine Mangold, deceased, against the executor and executrix and heirs at law and devisees under the will of Joseph Mangold, deceased, wherein it is claimed that the plaintiff's decedent executed a deed to Joseph Mangold, in his lifetime, to certain real estate, and is alleged that the deed was given to secure a loan of a large sum of money and was in effect a mortgage. If these facts were established, it would show that the estate of Josephine Mangold has an equitable interest in the real estate in question, and that Joseph Mangold was the holder of the legal title. This equitable interest, if needed to pay the debts of the estate, should be subjected by the plaintiff to the payment of the debts. Likewise, if Joseph Mangold, in his lifetime, received moneys by way of rents and profits in addition to proceeds from the sale of parcels of the real estate, and plaintiff's decedent had an equitable interest therein, he or his representative should account to plaintiff for the money so received.

Undoubtedly there are allegations in the petition that might have been stricken out on motion, or on motion the petition might have been required to be made definite and certain.

To raise the question whether or not plaintiff's decedent had an equity in the property, and to determine whether or not there were moneys due by way of rents and profits, the necessary parties are present. If there are debts of the estate, and the allegations in the petition are that there are such and that there is insufficient personal property to pay them, all of which is admitted by the demurrer, plaintiff in error would be the only party entitled to maintain the action.

On the question of defect of parties defendant, the demurrer admits Mangold held real estate subject to equities of plaintiff's decedent, and that he had collected and held rents and profits. The heirs were proper, if not necessary, parties.

It is argued that the debt of $17,500, alleged to have been loaned to plaintiff's decedent by Joseph Mangold, and alleged to be the consideration for the deed claimed to be a lien, is barred by the statute of limitations. While it is true the petition states the debt was contracted on the 11th day of August, 1910, there is no allegation as to when the debt became due and payable. There is, therefore, nothing on the face of the petition to show the bar. This also answers the argument of the 10-year statute.

Summing up, the demurrer admits there are debts of the estate of plaintiff's decedent; that the personal property is insufficient to pay the debts; that plaintiff's decedent has an interest in the real estate in question, or at least in the unsold part thereof; that the estate of defendant's decedent had rents and profits and proceeds from the sale of part of the real estate in which plaintiff's decedent has an interest; that the deed in question was a mortgage given to secure a loan from defendant's decedent to plaintiff's decedent. All of this being admitted, it is not only the right, but the duty of the administratrix to collect these assets and pay the debts, and distribute the balance, if any, according to law.

That the allegations of the petition may be difficult to prove is a question with which we are not now concerned.

Our conclusion is that the plaintiff has the legal capacity to sue, and that the necessary and proper

parties are parties to the action; that the petition states a cause of action, and does not show on its face that the action is barred by the statutes.

The judgment will be reversed, and the cause remanded, with instructions to reinstate the petition, and for further proceedings according to law.

*Judgment reversed and cause remanded.*

CUSHING, P. J., concurs.