LEEBOVE *v.* ROVIN.

1. AUTOMOBILES—NEGLIGENCE—INSTRUCTIONS—SKIDDING—EVIDENCE.
   Charge to jury on issues of negligence arising from accident on Indiana turnpike wherein defendants' car suddenly skidded about and rear end hit a guardrail *held,* without reversible error, where charge that under the laws of that and this State the "sudden skidding of an automobile in and of itself, standing alone, unattended by prior negligence from which such skidding proximately results, does not in and of itself constitute negligence" was followed by qualifying instruction permitting jury to infer negligence from the facts of the skid and accident.

2. COURTS—LEX LOCI.
   The law of the State where the claimed wrong occurred determines whether plaintiff has suffered a legal injury.

3. NEGLIGENCE—EVIDENCE—QUESTION FOR JURY—LAW OF FORUM.
   The rules pertaining to whether or not sufficient evidence has been presented for submission of the question of negligence to the jury are matters of procedure to be determined by the law of the forum.

4. SAME—INSTRUCTIONS—REQUEST TO CHARGE—RES IPSA LOQUITUR.
   Instruction permitting jury to draw an inference of negligence from established facts in action arising from injuries plaintiff received when defendants' car, traveling at speed of 50 miles

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5A Am Jur, Automobiles and Highway Traffic § 341.
   Liability for damage or injury by skidding motor vehicle. 58 ALR 264, 113 ALR 1002.
[2] 11 Am Jur, Conflict of Laws § 182.
[3] 11 Am Jur, Conflict of Laws § 203.
   *Lex loci* or *lex fori* as the governing law as to whether the case or question is to be submitted to the jury or determined by the court 89 ALR 1278, 149 ALR 775.
[4] 53 Am Jur, Trial § 513.
[5] 53 Am Jur, Trial § 539 *et seq.*
[6] 5A Am Jur, Automobiles and Highway Traffic § 1091 *et seq.*
[7] 11 Am Jur, Conflict of Laws § 203.
[8] 5A Am Jur, Automobiles and Highway Traffic § 965.
   Admissibility of report of police or other public officer or employee, or portions of report, as to cause of or responsibility for accident, injury to person, or damage to property. 69 ALR2d 1148.
[9] 20 Am Jur, Evidence § 450 *et seq.*

an hour on Indiana turnpike during a rainstorm when it suddenly skidded about and rear end hit a guardrail, *held*, consistent with Michigan case law, plaintiff not being entitled to an instruction under the *res ipsa loquitur* doctrine, where no such instruction was requested (Court Rule No 37, § 9 [1945]).

5. TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE.
A trial judge's charge to the jury should be an organized statement of the law and not a compound of various self-serving requests of the parties, with each labeled as to source.

6. AUTOMOBILES—PASSENGERS—GUESTS—INDIANA—INSTRUCTIONS.
Instructions given in action arising from injuries received by plaintiff while she was in defendants' car being driven on Indiana turnpike in a rainstorn when car suddenly skidded about and rear end hit a guardrail *held*, to have been in conformity to the law of Indiana in presenting issue of whether plaintiff was a passenger or guest, while with her friend returning from a trip to select furniture at wholesale houses in Chicago, in accordance with the theory advanced in plaintiff's declaration (8 Burns Ind Stat, 1952 replacement, pt 2, § 47-1021).

7. COURTS—LEX FORI—ADMISSIBILITY OF EVIDENCE.
Issues as to the admissibility of evidence are regarded as procedural and decided by the law of the forum.

8. AUTOMOBILES—REPORT OF ACCIDENT—ADMISSION IN EVIDENCE.
Indiana policeman's report of accident which occurred on the Indiana turnpike, inadmissible in evidence under either Indiana or Michigan law, was correctly refused admission in this State on issue of whether defendants' tires were smooth, where defendants' counsel objected to the admission of such evidence (8 Burns Ind Stat, 1952 replacement, pt 2, § 47-1920; Mich CLS 1956, §§ 257.622, 257.624).

9. EVIDENCE—HEARSAY.
It was not an abuse of discretion for trial judge to deny admission in evidence at time of trial of plaintiff's proffered testimony as to what she had overheard gasoline station attendant say about tires to defendant wife, defendant husband not being present, since the testimony, as to him, was hearsay.

10. PARTIES—HEARSAY EVIDENCE.
Trial judge did not abuse his discretion in denying plaintiff's motion to dismiss defendant husband as a party so that plaintiff could testify as to what she had heard gasoline station attendant say to defendant motorist about condition of tires.

Appeal from Wayne; Moynihan, Jr. (Joseph A.), J. Submitted April 12, 1961. (Docket No. 60, Calendar No. 48,678.) Decided September 21, 1961. Rehearing denied November 30, 1961.

Case by Janet Leebove against Marcelle Rovin and Harry Rovin for personal injuries received while riding in defendants' automobile in neighboring State. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Hugh K. Davidson,* for plaintiff.

*William J. Eggenberger,* for defendants.

EDWARDS, J. Plaintiff sued for injuries she received in an automobile accident when a car driven by defendant Marcelle Rovin, and owned by defendant Harry Rovin, went out of control on the Indiana turnpike. The 2 ladies involved were friends and they were returning from a furniture shopping trip to Chicago as to which they had agreed upon a "kitty" to share expenses.

Issues as to whether or not plaintiff was a guest passenger within the meaning of the Indiana statute, and whether or not defendant Marcelle Rovin was guilty of negligence, were submitted to a jury in Wayne circuit court. The jury returned a general verdict of no cause for action. Plaintiff appeals, claiming reversible error in the judge's instructions on the 2 issues and in rulings by which he excluded some proffered testimony.

Other undisputed facts include that the accident occurred June 28, 1957, at about 8:35 p.m. while defendant Marcelle Rovin was driving east approaching mile post 66 of the Indiana turnpike. It was raining. Her car had tires which had been driven 23,000 miles. Plaintiff, Janet Leebove, was asleep. The car went out of control and struck a

guardrail.  Plaintiff was thrown out of the car by the impact and suffered serious injuries.

As to the negligence issue, we have only defendant Marcelle Rovin's version of the accident, plus some references to the condition of the tires.  Mrs. Rovin testified that she was driving at 50 miles per hour— well within the speed limit, that she made no sudden turn or acceleration, that she had full control of the car and was fully conscious when the skid began.

She couldn't account for the accident:

"*Q.* What is your version of the occurrence of this accident?

"*A.* I don't know what happened.  The car just seemed to go out of control very suddenly.  There was no noise or anything.

"*Q.* When it went out of control you were going substantially in an east direction toward Detroit?

"*A.* That is right.

"*Q.* And when it went out of control did the back wheels skid?

"*A.* Did the back wheels skid?

"*Q.* Yes.  Did the back of the car turn around and start going—

"*A.* The back of the car did not turn.  The front of the car went directly in the direction in which we were coming from.  It turned right around, yes.

"*Q.* So that the back of the car came east and hit the guardrail?

"*A.* That's right.

"*Q.* And you can't account for that happening at all?

"*A.* No, I cannot."

Concerning negligence, plaintiff complains of that portion of the judge's charge which said:

"I further instruct you, as requested by defendant, and under the laws of the State of Indiana and of Michigan, that sudden skidding of an automobile in and of itself, standing alone, unattended by prior

negligence from which such skidding proximately results, does not in and of itself constitute negligence.",

Plaintiff's counsel asserts that this charge amounts to an instruction that "sudden unexplained skidding was not evidence of negligence." Actually, the charge is carefully qualified, and is followed by an instruction which flatly told the jury it could infer negligence from the facts of the skid and accident.

We find no error in the portions of the charge which dealt with the negligence issues.

The law of the State where the claimed wrong occurred determines whether plaintiff has suffered a legal injury. *Bostrom* v. *Jennings,* 326 Mich 146; Goodrich, Conflict of Laws (Hornbook Series, 3d ed), p 260; 1 Restatement, Conflict of Laws, § 378. The instruction complained of is consistent with and, indeed, appears to be based on Indiana case law. See *Lee Brothers, Inc.,* v. *Jones,* 114 Ind App 688, 713 (54 NE2d 108, 118).

Appellant's complaint with this instruction, however, does not stop here. She not only complains about what was given bearing on the substantive definition of negligence, but also about what was not. Specifically, she asserts that she was entitled to an instruction under the *res ipsa loquitur* doctrine.

We do not, however, find any record that she requested such an instruction. (See Court Rule No 37, § 9 [1945].) Nor do we find that she objected to the next portion of the judge's charge which followed immediately after that complained of:

"As requested by the plaintiff in his written request to charge, I charge you, ladies and gentlemen of the jury, that in this case the defendant claims that as she was driving her automobile along the toll road, it suddenly began to skid, turned around and struck the guardrail. Some steel posts were knocked down by the impact. No explanation is made by the driver as to why this occurred.

"Negligence, like any other fact, may be inferred from circumstances. We have the testimony of Mrs. Rovin and the physical fact the automobile started to skid without being subjected to any unusual circumstances. A reasonable inference supporting the plaintiff's claim of negligence may properly be drawn by you, since the happening of this accident under those circumstances has raised a question as to whether the defendant driver was negligent."

The rules pertaining to whether or not sufficient evidence has been presented for submission of the question of negligence to the jury are matters of procedure to be determined by the law of the forum. *Clodfelter* v. *Wells,* 212 NC 823 (195 SE 11); 2 Harper and James, The Law of Torts, § 30.2.

We believe the portion of the judge's charge quoted above is consistent with Michigan case law in that it clearly allowed the jury (if it had seen fit to do so) to draw an inference of negligence from the established facts. *Alpern* v. *Churchill,* 53 Mich 607; *Higdon* v. *Carlebach,* 348 Mich 363; *Indiana Lumbermens Mutual Insurance Company* v. *Matthew Stores, Inc.,* 349 Mich 441; *Mitcham* v. *City of Detroit,* 355 Mich 182.

Plaintiff-appellant also complains about 3 portions of the trial judge's charge dealing with plaintiff's claim that she was not a guest passenger within the meaning of the Indiana guest passenger act.*

The declaration under which this case was tried alleged:

"2. That the plaintiff and defendant, Marcelle Rovin, were riding to Detroit after a business trip to Chicago, Illinois, which trip was for the mutual benefit of the parties, in which each contributed 1/2 of the out-of-pocket expenditures, and during which each assisted the other in the selection of furniture at

---

* See 8 Burns Indiana Statutes Annotated, 1952 replacement, pt 2, § 47-1021.—Reporter.

the wholesale houses located in Chicago. Plaintiff further says that she was not a guest passenger of the defendant, Marcelle Rovin."

The charge given by the trial judge was lengthy:

"The defendant has asked that the following charges be given to you.

"That the plaintiff in this case contends that she was a joint venturer with Mrs. Rovin, and therefore it is necessary for her to prove only that defendants were guilty of negligence or want of due care under the circumstances.

"Now, I charge you that since plaintiff claims that she was a joint venturer, she must show either that the host and guest relationship did not exist in order to prove her cause of action, or that the plaintiff was in the vehicle primarily for the benefit of the defendant. The burden of proof is upon plaintiff to show by a preponderance of evidence that she was not a guest, but was a joint venturer.

"This instruction invokes consideration of the Indiana guest statute, which I referred to your consideration earlier, and which, as you know, was placed in evidence and reads as follows:

" 'The owner, operator, or person responsible for the operation of the motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while being transported without payment therefor, in or upon such motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wanton or wilful misconduct of such operator, owner, or person responsible for the operation of such motor vehicle.'*

"Defendant further requests, and I charge, the purpose of the guest statute which I have just read to you is to absolve the owner or operator of a motor vehicle from liability for damages or injury of a guest passenger, except such as are caused by the

---

* Note comparable Michigan statute, CLS 1956, § 257.401 (Stat Ann 1960 Rev § 9.2101).

wilful or wanton misconduct of the driver. One who rides as a guest in an automobile assumes the risks of all ordinary hazards and negligence, and it is not sufficient to justify recovery of damage that the plaintiff establish that the defendant was negligent in the operation of his automobile, or by more careful operation he might have avoided the accident.

"Defendant requests, and I charge, that if plaintiff was a guest, then under the law of Indiana, plaintiff may recover only if plaintiff can show by a preponderance of the evidence that Marcelle Rovin was guilty of wanton or wilful misconduct. In this case it is neither claimed nor was it shown that Mrs. Rovin was guilty of wanton and wilful misconduct, therefore, you must eliminate this from your mind and the only basis upon which Mrs. Leebove can recover damages is:

"1. If she was a joint venturer, and that plaintiff, Mrs. Leebove, was in the vehicle primarily for the benefit of Mrs. Rovin, the defendant.

"And, further, if Mrs. Rovin was guilty of some act of negligence which was a proximate cause of the accident which resulted in Mrs. Leebove's injuries. * * *

"The plaintiff has requested, and I charge, that the legal relationship existing between a plaintiff and defendant requires the selection of legal principles set by the common law in order to determine the rights and duties of the parties. If Janet Leebove was a guest passenger of Marcelle Rovin, the driver, the plaintiff, under the law of this case, would be required in order to recover damages to prove by a preponderance of the evidence that Marcelle Rovin was guilty of wilful or wanton misconduct.

"Further, plaintiff requests charge, and I give it, if Mrs. Leebove was not a guest passenger of Mrs. Rovin, then Mrs. Leebove is not required to prove any acts of wilful or wanton misconduct, but need only prove ordinary negligence, provided such ordinary negligence was a proximate cause of the acci-

dent. No more than the proximate cause need be proved by the plaintiff.

"Further, plaintiff requests, and I give it, if you find that the 2 women, plaintiff and defendant, engaged in this trip as a business venture, or joint enterprise, Mrs. Leebove would not have been a guest of Mrs. Rovin and would not be required to prove wilful or wanton misconduct in order to recover.

"Further, if Mrs. Leebove was a passenger in the automobile at the request of and for the principal benefit of Mrs. Rovin, and not primarily for her own benefit, she would not be a guest passenger and would not be required to prove wilful or wanton misconduct.

"Now, the defendant has requested, and I charge, that unless Mrs. Leebove was in the vehicle primarily for the benefit of Mrs. Rovin, or unless Mrs. Rovin and Mrs. Leebove were engaged in a joint venture, as I will define it to you, and Mrs. Rovin was guilty of some act of negligence which was the proximate cause of the accident in which these 2 ladies were involved, then in such event Mrs. Leebove cannot recover.

"The legal meaning of a joint venture is that it contemplates an enterprise jointly undertaken; that it is an association of such joint undertakers to carry out a single project for profit; that the profits would be shared, as well as the losses.

"I further instruct you, as requested by defendant, that when the arrangements between the parties are so indefinite and casual that sociability is the dominant element, then a guest relationship exists and there can be no recovery.

"I further instruct, as requested by defendant, that incidental benefits to a driver may be considered in determining the status of the passenger, that is, whether he is a guest or a joint venturer, or whether he was in the vehicle primarily for the benefit of the defendant.

"The payment of benefits contemplated by the Indiana guest statute must be material and tangible, and must flow from the transportation provided.

"I further instruct you, as requested by the defendant, that if you find that the arrangements between Mrs. Rovin and Mrs. Leebove originated primarily because of their social relationship of long years standing, and that the so-called 'pot' made up between them was to defray travel expenses, then Mrs. Leebove was not a joint venturer. In such event, you must render a verdict of no cause for action, even though you find that Mrs. Rovin was guilty of some act of negligence except for which the accident would not have happened."

This charge suffered badly from a deficiency upon which we have previously commented (see *Schattilly v. Yonker*, 347 Mich 660) in that it was a compound of the various self-serving requests of plaintiff and defendants, with each labeled as to source, rather than an organized statement of the law in the trial judge's own language.

Nonetheless, it is clear that the trial judge charged alternatively (and at plaintiff's counsel's own request) if the jury found that plaintiff and defendant Marcelle Rovin were engaged in a joint venture, or that plaintiff was a passenger primarily for the benefit of the defendant, the statute would not bar her cause of action. He also added, "that incidental benefits to a driver may be considered in determining the status of the passenger."

Although plaintiff's counsel now objects to the definition of joint venture employed by the trial judge at the trial, he termed it "technically a proper definition."

Further, a reading of the entire charge of the trial judge indicates that it gave the jury ample opportunity to find that plaintiff was not barred by the Indiana guest passenger statute if the jury saw the

facts as plaintiff's declaration stated them, namely, that the trip was "a business trip" for the mutual benefit of each.

This portion of the charge deals, of course, with the substantive law of the case and is governed by the law of the place of the claimed wrong. The leading Indiana case on interpretation of the Indiana guest statute is *Liberty Mutual Insurance Company* v. *Stitzle,* 220 Ind 180 (41 NE2d 133) (which, incidentally, dealt with another joint trip to Chicago to purchase furniture). The Indiana supreme court quoted the statute, and then continued (p 185):

"The word 'guest' has more of social than business significance. The words 'without payment for such transportation' imply some valuable consideration for the ride. The presence of the person injured must have directly compensated the owner or operator in a substantial and material way. If the trip is primarily social, incidental benefits though monetary do not exclude the guest relationship. If the trip is primarily for business purposes and the one to be charged receives substantial benefit, though not payment in a strict sense, the guest relationship does not exist. Expectation of a material gain rather than social companionship must have motivated the owner or operator in inviting or permitting the other person to ride. The following extract from the dissenting opinion in *Scholz* v. *Leuer* (1941), 7 Wash2d 76, 95 (109 P2d 294, 303), elaborates the thought:

" 'As indicated in the opinion of the majority, the mere rendition of benefits by a passenger is, of itself, insufficient to take one out of the "guest" classification if the benefits are merely "incidental to hospitality, companionship, or the like." In resolving the question of benefits and the direction in which they flow, as well as their character and significance, a factor to be taken into consideration is the intention of the parties in entering upon the undertaking. If their actual and mutual purpose be to enter into a

relationship *other* than that of host and guest, and their subsequent acts are not inconsistent with the intended relationship, the mere fact that, in the performance of the undertaking, the one party does nothing more than what a guest normally would do, will not convert the relationship into one of host and guest.

" 'On the other hand, where the intended relationship *is* that of host and guest, the mere fact that benefits have been conferred upon the host will not change his legal status nor that of his guest. Thus, the motives which actuate the parties concerned constitute a primary consideration. Accordingly, when the "benefit" rule is invoked, the transportation must have found its impulse in some mutual understanding from which the carrier has the right to obtain, or expect, some material benefit to himself.'

"We do not consider the mere possibility of benefit sufficient to exclude the guest relationship. Some courts have said it must be 'tangible and direct.' The words imply reality, not potentiality. Courts should not be required to search for a benefit. If it is not apparent then it can hardly be said to be substantial or material."

The Indiana court concluded that the facts pleaded warranted reversing a judgment for defendant on demurrer and remanding the case for trial.

Comparing the trial judge's charge in this case to the language of the Indiana supreme court quoted above, we find no fatal inconsistency. Under Indiana law, where there is some sharing of expense, it appears that the basic question is whether the purpose of the trip was primarily social or primarily business. This issue was certainly presented to the jury in our case—which was at the outset all plaintiff sought.*

---

* It might be noticed that Michigan interpretation of the guest statute is not markedly different at this point. *Pence* v. *Deaton,* 354 Mich 547; *Collins* v. *Rydman,* 344 Mich 588.

See, also, *Stevens* v. *Stevens,* 355 Mich 363, 369 *et seq.*

On this appeal, however, plaintiff appears really to contend for a more liberal rule than that upon which she declared or tried the case, namely, that any prearranged sharing of expense makes the occupant a passenger, rather than a guest, regardless of whether the trip had a business or a social purpose. See *Johnson* v. *Kolovos,* 224 Or 266 (355 P2d 1115); 2 Harper and James, The Law of Torts, § 16.15. Whatever the merits of this interpretation, it is clear that Indiana has recently, and decidedly, rejected any liberalization of its prior interpretation of its guest passenger statute. *Allison* v. *Ely* (Ind App), 159 NE2d 717, reversed 241 Ind — (170 NE2d 371).

In summary, we believe that the issue of whether or not plaintiff was a guest or a nonguest within the meaning of the Indiana statute was submitted to the jury in this case in accordance with the theory advanced by plaintiff's declaration and with a charge at least as favorable to plaintiff as Indiana law allows.

Two other of plaintiff's issues on appeal deal with exclusion of evidence tending to show that defendants' tires were smooth. Generally, as we have noted, such evidence issues are regarded as procedural and decided by the law of the forum.

Part of a deposition of the Indiana highway policeman who reported to the accident was read to the jury by stipulation of counsel. This did not include the portion of the policeman's official report which contained a statement that the rear tires were smooth. The report itself was the only source for this statement since, at the time of the deposition, the witness could not recall anything about the tires. After the deposition was read, plaintiff's counsel offered the deleted part in the absence of the jury. An objection by defendants' counsel was sustained.

This report was required by an Indiana statute (8 Burns, Indiana Statutes, 1952 replacement, pt 2, § 47–1916) which also forbade its admission (§ 47–1920). Under the law of the forum, we find a similar Michigan statute (CLS 1956, §§ 257.622, 257.-624 [Stat Ann 1960 Rev §§ 9.2322, 9.2324]) which requires such reports and makes them inadmissible. The trial judge was correct in refusing the portion of the official report which was not the subject of stipulation.

The other evidence which the court did not allow to go to the jury was plaintiff's proffered testimony as to what she overheard a gasoline station attendant say about the tires to defendant Marcelle Rovin during the trip. This was objected to as hearsay, and the objection was sustained.

There was no error in this exclusion. It is true that there is a well-recognized exception allowing one party to testify as to matter which would ordinarily be hearsay if it arose out of a conversation where the other party was present and took part. 2 Jones on Evidence (5th ed), § 271, p 523.

However, in this case, Marcelle Rovin's husband, as owner of the automobile, was also a party defendant. Inasmuch as he was not present at the alleged conversation, such testimony was hearsay as to him and, therefore, inadmissible. Plaintiff sought to cure this by moving for the dismissal of Harry Rovin as a defendant. Defendants opposed the motion, and it was denied. We cannot say that this ruling was an abuse of discretion since the case at that time was in trial.

In addition, plaintiff subsequently received and ignored an opportunity to testify as to this conversation. Defendant Marcelle Rovin was called by the plaintiff under the statute.* At that time she was

* CL 1948, § 617.66 (Stat Ann § 27.915).—Reporter.

questioned and testified freely to the conversation had with the attendant in the Indiana gasoline station. This opened the way for plaintiff to be recalled and testify as to her own version of the conversation if there was a variance. Since the opportunity thus presented was not used—we presume there was no material variance.

From the whole record, we believe the issues were fairly presented, and that the jury verdict should not be disturbed.

Affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, KAVANAGH, and SOURIS, JJ., concurred.