Ruth PAPIZZO, Administratrix of the Estate of Mario J. Papizzo, Deceased, et al., Plaintiff,

v.

O. ROBERTSON TRANSPORT, LTD., Defendant.

Civ. A. No. 38658.

United States District Court, E. D. Michigan, S. D.

Aug. 20, 1975.

Ronald Karp, Hurwitz & Karp, Dearborn, Mich., for plaintiff.

C. Kenneth Perry, Jr., Davidson, Gotshall, Kohl, Nelson, Secrest, Wardle & Lynch, Detroit, Mich., for defendant.

## MEMORANDUM OPINION

FEIKENS, District Judge.

This is a wrongful death action. The injury and death of decedents occurred in Ontario, Canada. The United States District Court for the Eastern District of Michigan is the forum. The decedents were Michigan residents; plaintiff is also a Michigan resident. Defendant is an Ontario corporation.

The court must decide two choice of law problems: *First,* what law governs the admissibility of evidence of plaintiff, Ruth Papizzo's, remarriage. Plaintiff urges that Michigan law forbidding the admission of such evidence be applied. *See Bunda v. Hardwick,* 376 Mich. 640, 138 N.W.2d 305 (1965). Defendant asks that the court apply Ontario law which would admit this evidence. *See Re National Trust Co. and Canadian Pacific Ry.,* [1913] 29 Ont. 462, 470; *The Evidence Act,* R.S.O. (1970), ch. 151. *Second,* the court must decide which law governs the permitted elements of damage. Michigan law allows damages for various intangible matters such as loss of companionship. *See Smith v. Detroit,* 388 Mich. 637, 651, 202 N.W.2d 300 (1972); *Halvorsen v. Dunlap,* 495 F.2d 817, 820 (8th Cir. 1974). Ontario law does not. *See, for example, Wannamaker v. Terry,* [1956] Ont.W.N. 588 (C.A.); *Burne v. Dombrowskie,* [1957] Ont.W.N. 39. Plaintiff wants the court to apply the broader Michigan rule on the recoverable elements of damage. Defendant asks that the Ontario law limiting the elements of damage be followed.[1]

A United States District Court sitting in Michigan is required to apply the choice of law rules of Michigan. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Klaxon v. Stentor Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Although a Michigan court would ordinarily choose to apply its own law, the *lex fori,* as to procedure, *Erie* and *Klaxon* do not require this federal court to apply Michigan procedural rules. The *lex fori* of a federal court is federal law. Where Michigan choice of law rules require choice of the *lex fori,* a federal court sitting in Michigan should apply federal law. Therefore, this court should apply federal procedural law.

Evidentiary questions are characterized as procedural. *See Lee-*

---

1. It should also be noted that were Ontario law applied on damage questions, any benefits which plaintiff received from the death of her husband, excluding insurance, would be deducted from her pecuniary award. *Wirksech v. General News Co.,* [1948] Ont. 105.

*bove v. Rovin,* 363 Mich. 569, 581, 111 N.W.2d 104 (1961). This court may apply federal law as to the admissibility of evidence. Rule 43(a) of the Federal Rules of Civil Procedure states:

> "All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs . . . ."

Even though Michigan courts would exclude as irrelevant evidence concerning Mrs. Papizzo's remarriage, if federal law would admit this evidence, the court should allow it in the instant case. The Federal Rules of Evidence would admit evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence, so long as its probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading of the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence. Rules 401, 402, 403, Federal Rules of Evidence.

█ Whether Mrs. Papizzo has remarried since her husband's death is relevant to measure the degree of damage that she has suffered. It is the opinion of this court that jurors can be trusted to give this evidence its proper weight without allowing it to mislead or unfairly prejudice them. The court holds that evidence of Mrs. Papizzo's remarriage is relevant and admissible under the broad rules favoring admissibility which should be used by federal courts.

█ In a torts case where there is a conflict of laws problem Michigan courts have consistently looked to the law of the place of the tort, the *lex loci delicti,* to determine the substantive rights of the parties. In a recent case the Michigan Supreme Court reiterated its adherence to this choice of law rule and rejected the dominant contacts approach now used by New York and a few other states. *Abendschein v. Farrell,* 382 Mich. 510, 170 N.W.2d 137 (1969). *See also Koserkoff v. Chesapeake & Ohio Ry.,* 427 F.2d 1049 (6th Cir. 1970), *cert. denied,* 401 U.S. 947, 91 S.Ct. 924, 28 L.Ed.2d 230 (1971); *DeVito v. Blenc,* 47 Mich.App. 524, 209 N. W.2d 728 (1973). Therefore, this court holds that Canadian law may be said to have given rise to this cause of action. *The Fatal Accidents Act,* R.S.O. (1970) ch. 164; *The Trustee Act,* R.S.O. (1970) ch. 470. It will govern the substantive rights of the parties, including issues of liability and negligence. *See The Negligence Act,* R.S.O. (1970) ch. 296.

The question of what law governs the proper elements of recoverable damage is more difficult. It has frequently been held by Michigan courts that whereas matters relating to right of action are governed by the laws of the state in which the cause of action arose, matters relating to remedy are governed by the laws of the state where the action was instituted. *Meyer v. Weimaster,* 278 Mich. 370, 270 N.W. 715 (1936); *Edison v. Keene,* 262 Mich. 611, 247 N. W. 757 (1933); *Eskovitz v. Berger,* 276 Mich. 536, 268 N.W. 883 (1936); *Yount v. National Bank,* 327 Mich. 342, 42 N.W.2d 110 (1950).

It is the opinion of this court that a consideration of the recoverable elements of damage goes to the issue of remedy, not to the substance of the right. Plaintiff's right of recovery is created by Ontario law, but the elements which may be properly considered in deciding damages are remedial issues and should be determined by Michigan law.

The available Michigan case law does not provide a conclusive answer to the

question of what constitutes a remedial issue. There is dicta in an old Michigan Supreme Court case which states that the measure and elements of damages pertain to the substantive right. *Petrusha v. Korinek*, 237 Mich. 583, 589, 213 N.W. 188 (1927). The decision in the case concerned which state's survival act should apply and determined that *lex loci delicti* governed. There are federal court cases, originating in Michigan, which apply the same conflicts rule as to damages. *Hupp Motor Car Corp. v. Wadsworth*, 113 F.2d 827, 829 (6 Cir. 1940) (application of California rule that jurors determine damages according to no fixed formula); *Ryan v. Ford Motor Co.*, 334 F.Supp. 674, 676 (E.D. Mich.1971) (application of Montana rule concerning pre-judgment interest in a wrongful death case).

Other cases do not follow the dicta of *Petrusha*. In *Mt. Ida School for Girls v. Rood*, 253 Mich. 482, 235 N.W. 227 (1931) the Michigan Supreme Court applied Michigan law in deciding the proper damage remedy for breach of a Massachusetts contract. Similarly, in another contracts case, *Mitchell v. Reolds Farm Co.*, 268 Mich. 301, 256 N.W. 445 (1934), the court stated:

> "There is no doubt the contract was made in Florida and contemplated performance in Florida, but suit was brought in Michigan, and the remedy available was the remedy afforded by the laws of Michigan.

> "Plaintiff relies upon 5 R.C.L. 986, § 67, which declares the weight of authority sustains the rule that the measure of damages is a matter of substantive right rather than of remedy. This rule was expressly repudiated in *Walton School of Commerce v. Stroud*, 248 Mich. 85, 226 N.W. 883, which holds (quoting syllabus): 'In action in this State on foreign contract, remedy available to plaintiff is the remedy afforded by the laws of Michigan.'" 268 Mich. at 311–12, 256 N.W. at 449.[2]

Since the court has found no Michigan Supreme Court case which decided the precise choice of law question involved in the instant case, it is free to apply the rule which the Michigan Supreme Court would probably apply if presented with the question. Accordingly, the court finds that recoverable elements of damage involve remedial issues, to be decided by reference to Michigan law. This is particularly reasonable in the instant case since this court sitting in Michigan has an interest in protecting Michigan plaintiffs (if they are entitled to recovery), and there is a clear public policy in Michigan supporting plaintiff's right to recovery for intangible damage. Additionally, in this case defendant as well as plaintiff chose this forum and ought reasonably to be satisfied with Michigan law on damage questions.[3]

For the reasons stated, the court finds that federal rules will govern the admissibility of evidence, Ontario law will govern the substantive rights of the parties, and Michigan law will govern remedial issues such as damage questions.

An appropriate order may be submitted.

---

2. The court notes that cases from other jurisdictions have characterized damage questions as remedial and applied the *lex fori*. Notable among these is *Kilberg v. Northeast Airlines*, 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526 (1961).

3. This case was first instituted in Michigan by defendant's insurance company on a subrogation claim against the administratrix of decedent's estate. Plaintiff counterclaimed.