SCHEER, APPELLANT, *v.* AIR-SHIELDS, INC., APPELLEE.

[Cite as Scheer v. Air-Shields, Inc. (1979),
61 Ohio App. 2d 205.]

(No. C-77729—Decided January 31, 1979.)

*Mr. Lewis Froikin,* for appellant.

*Messrs. Estabrook, Finn & McKee, Mr. Robert P. Bartlett, Jr.* and *Mr. Thomas L. Czechowski,* for appellee.

BLACK, J. This appeal raises several questions about the statute of limitations for personal injury (R. C. 2305.10), the "saving clause" applicable when a person is out-of-state (R. C. 2305.15), and the suspension of the statute of limitations during the disability of an "infant" (R. C. 2305.16) whose age of majority is reduced by legislative action (R. C.

3109.01). Similar questions were raised and disposed of in *Durham* v. *Anka Research Limited,* unreported, No. C-77454, First Appellate District, decided October 25, 1978.

Appellant brought suit against appellee Air-Shields, Inc., manufacturer of an incubator in which appellant was placed as an infant and from the use of which he claims to have been permanently damaged. Appellee's motion to dismiss was granted on the express grounds that appellant's action was barred by the statute of limitations. We disagree.

The facts are similar but not identical to those of *Durham* v. *Anka Research Limited, supra.* Appellant herein was born on August 8, 1956, and was thereupon placed in the incubator where he was administered a supply of oxygen in what he claims were excessive amounts that allegedly rendered him blind. On January 1, 1974, the amendment of R. C. 3109.01 reducing the age of majority from 21 years of age to 18 years became effective. Appellant was then 17 years and 4 months of age; he reached his 18th birthday on August 8, 1974. He filed his Complaint herein on August 3, 1977.

The Complaint alleges that Air-Shields was a foreign corporation with its principal place of business at Hatboro, Pennsylvania. It is also alleged that Air-Shields was doing business in Ohio, but the Complaint fails to state how long Air-Shields had been authorized to do business in Ohio.

Consistent with the decision reached in *Durham,* we reach the following conclusions. The applicable statute of limitations is R. C. 2305.10, giving appellant two years to file his Complaint after his disability was removed, and the reduction of the age of majority from 21 years to 18 years by the amendment to R. C. 3109.01 was applicable to appellant, thus setting a deadline of August 8, 1976, for the filing of his Complaint, pursuant to R. C. 2305.16. However, the statute of limitations was tolled as to appellee for that period of time during which it was "out-of-state," because as we decided in *Durham,* under the plain and unequivocal wording of the "saving clause" (R. C. 2305.15), tolling is caused by the absence of the defendant from the state, not by its nonamenability to long-arm service.[1]

---

[1] The reasoning was stated in the following language in *Durham* v. *Anka Research Limited, supra,* after first citing *Seeley* v. *Expert, Inc.* (1971), 26 Ohio St. 2d 61:

The instant Complaint is ambiguous about the duration of Air-Shields' presence in the state. While the Complaint states that Air-Shields was doing business in Ohio at the time the Complaint was filed, it is silent on the duration of this status, a silence rendered more significant by the allegations in appellant's second assignment of error and by a letter attached to appellant's memorandum in the trial court, both indicating that the date of Air-Shields' license to do business in Ohio was February 22, 1977, approximately six months before the Complaint was filed. We do not rely on the allegations in appellant's brief or the presence of that letter in the memorandum but rather on the fact that the Complaint on its face left open the possibility that the bar of the statute was tolled.[2] A

---

"***In that case, the Supreme Court ruled, in the third paragraph of the syllabus, that R. C. 2305.15 tolls the statute of limitations during the time an individual defendant is absent from the state despite the fact that substituted service could have been obtained on that defendant as a nonresident operator of a motor vehicle under R. C. 2703.20. The court reviewed the history of judicial interpretation of R. C. 2305.15 and concluded that it must abide by the plain language used by the General Assembly and never amended. That language states, briefly, that when a cause of action accrues against a person, if he is out of the state, the period of limitation does not begin to run until he comes into the state.

"The fact that he is amenable to service because the court can acquire jurisdiction by substituted service does not change the clear legislative intent that the statute of limitations is tolled so long as he does not come into the state in person.***[T]he saving statute and the procedures for service could be deemed so interwoven that if a party is amenable to service, the statutes of limitations run. The legislature could have produced this result, but it did not. Instead it provided for the tolling of limitations until the foreign 'person comes into the state,' while at the same time it allowed substituted service on nonresident drivers and concurred in the use of certified mail service on out-of-state parties as promulgated in Civ. R. 4.3. The tolling is caused by absence from the state, not by nonamenability to service. See the discussion of the 'saving clause' in *Telley* v. *Turner Construction Co.,* No. C-76008 (1st Dist. Mar. 30, 1977).

"We are constrained to follow the Supreme Court's mandate in this case. The defendant herein is a corporation, and its amenability to service is through the provisions of Civ. R. 4.3 applying to out-of-state service, not R. C. 2703.20. Nevertheless, the word 'person' in the saving statute clearly applies as well to corporations as to individuals, and long-arm service on out-of-state parties is not, for purposes of the statutes of limitations, distinguishable from long arm service on nonresident drivers. Consistency and fairness require equal application."

[2] The Complaint clearly alleges that appellant was injured in Ohio. The causes of action are alleged to have been, alternatively and cumulatively, the following: (1) negligence in the construction, manufacture, testing and inspection of the incubator, in failing to warn about the safe use thereof, in misleading users about the

motion to dismiss may be granted only when the Complaint allows no other possible conclusion. *Conley* v. *Gibson* (1957), 355 U.S. 41; *Wentz* v. *Richardson* (1956), 165 Ohio St. 558; Annotation, 61 A.L.R. 2d 300, 321. Compare the pre-rule cases of *Baughman* v. *Hower* (1937), 56 Ohio App. 162, and *Baumann* v. *Mangold* (1929), 32 Ohio App. 419, in both of which it was held error to sustain a demurrer on grounds of the bar of the statute of limitations when the bar was not conclusively disclosed by the face of the petitions.

We conclude that appellant's second assignment of error has merit, but the others do not.[3] The second assignment claims that the court erred in failing to find that the statute of limitations was tolled for the period before Air-Shields "came into the state."

More exactly, the court erred in dismissing appellant's

---

safety thereof, and in other respects; (2) breach of express and implied warranties; and (3) sale of a defective and dangerous product in breach of strict implied warranty.

*Lantsberry* v. *Tilley Lamp Co.* (1971), 27 Ohio St. 2d 303, holds that the statute of limitations is not tolled when the *injury* occurred in a foreign jurisdiction, following the principle established in *Wentz* v. *Richardson* (1956), 165 Ohio St. 558. Paragraph 2 of the syllabus of *Wentz* states that R. C. 2305.15 "contemplates *causes of action* which arise in Ohio," and thus *Wentz* might conceivably lead to an interpretation that when the injury was in Ohio but the cause of action (the breach of legal duty) had its inception in a foreign jurisdiction, the "saving clause" does not apply and the action must be brought within two years of the injury irrespective of whether the defendant was within or without the state.

However, in the instant case, the Complaint alleges both injury in Ohio and alternative causes of action originating in Ohio. Accordingly, it is not necessary for us at this time to resolve whatever conflict there might be between *Lantsberry* and *Wentz,* while holding that Air-Shields' presumptive absence from the state tolled the statute of limitations.

[3] The first assignment of error claims error in failing to find that the application to appellant of the reduction in age of majority violated either Section 28 of Article II of the Ohio Constitution or R. C. 1.58. It has no merit for the reasons set forth in *Durham* v. *Anka Research Limited, supra.*

The third assignment claims error in finding that appellant failed to state a claim upon which relief can be granted, and the fourth claims error in holding that appellant's action was barred by the statute of limitations because this was not asserted as an affirmative defense as "required" by Civ. R. 8(C). Both claims are meritless because the bar of the statute may be raised by motion to dismiss under Civ. R. 12(B)(6) when it is clear on the face of the Complaint that the bar must apply. *Mills* v. *Whitehouse Trucking Co.* (1974), 40 Ohio St. 2d 55; *Durham* v. *Anka Research Limited, supra;* 4 Anderson's Ohio Civil Practice 79, Section 148.04 (1973).

Complaint because the Complaint fails to establish conclusively on its face that appellant's cause of action was barred. We reverse the judgment below and remand this cause for further proceedings.

*Judgment reversed*
*and cause remanded.*

PALMER, P. J. and BETTMAN, J., concur.