Edward E. BRUCK, et al., Plaintiffs,

v.

ELI LILLY AND COMPANY, et al., Defendants.

No. C–1–79–462.

United States District Court,
S. D. Ohio, W. D.

Oct. 2, 1981.

Thomas H. Bleakley, Detroit, Mich., Thomas H. Stubbs, Jr., Middletown, Ohio, for plaintiffs.

Ralph F. Mitchell, Cincinnati, Ohio, for E. R. Squibb & Sons.

Arthur T. Knabe, Cincinnati, Ohio, for Rexall Drug Co.

Robert T. Keeler, Cincinnati, Ohio, for Eli Lilly Co.

Frank C. Woodside, III, Cincinnati, Ohio, for Abbott Laboratories.

Jacob K. Stein, Cincinnati, Ohio, for Merck, Sharpe & Dohme.

Frederick J. McGavran, Cincinnati, Ohio, for Upjohn Co.

SPIEGEL, District Judge:

■ This action is before the Court on defendants' motion for partial summary judgment and motion for judgment on the pleadings (doc. 67), plaintiffs' memorandum in opposition (doc. 75), and defendants' reply. For the foregoing reasons, we find that defendants' motions should be granted.

The narrow question which we must decide is whether there is "no genuine issue as to any material fact and [whether] the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.P.* 56(c). The Court cannot try issues of fact on a Rule 56 motion, but is empowered only to determine whether there are issues to be tried. 10 Wright & Miller, *Federal Practice and Procedure: Civil* § 2712 at 379 (1973). The moving party "has the burden of showing *conclusively* that there exists no genuine issue as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). (Emphasis original.) And, "while the movant's papers are to be closely scrutinized, those of the opponent are to be viewed indulgently." *Id.* at 63. "[T]he District Court [is] obligated to consider not only the materials specifically offered in support of the motion, but also all 'pleadings, depositions, answers to interrogatories, and admissions' properly on file and thus properly before [the] court." *Id., quoting Fed.R.Civ.P.* 56(c). Summary judgment "must be used only with extreme caution for it operates to deny a litigant his day in court." *Id.* at 63.

The facts essential to this motion may be briefly summarized. Early in 1958, plaintiff Margaret Bruck became pregnant with Victoria Bruck. During the course of her pregnancy, Margaret Bruck took Diethylstilbestrol (DES) on the advice of her physician to prevent a spontaneous abortion. When Victoria was about fourteen years old, Margaret read that DES was suspected of causing cancer in the daughters of women who took the drug while pregnant. Victoria thereafter made yearly visits to a doctor and in September 1976 vaginal cancer was discovered. Victoria was seventeen years old. Victoria subsequently underwent extensive surgery and radiation treatment. She died in May 1978.

This wrongful death action was brought by plaintiffs Edward E. Bruck and Margaret Bruck, the parents of Victoria Bruck and the administrators of her estate. The case was originally filed on December 28, 1978, in the United States District Court for the Eastern District of Michigan, with jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332. That action was dismissed without prejudice on January 19, 1979 for failure to set forth appropriate jurisdictional facts. On February 19, 1979 plaintiffs refiled the present action in the United States District Court for the Eastern District of Michigan. The case was transferred to the Southern District of Ohio on August 17, 1979, pursuant to 28 U.S.C. § 1404.

The basis of defendants' motion for partial summary judgment is that Ohio's two-year statute of limitations for filing a personal injury action expired before plaintiffs filed this lawsuit. Ohio Revised Code § 2305.10. Defendants do not challenge plaintiffs' right to maintain their action for the wrongful death of Victoria Bruck, but challenge the inclusion of a claim for pain and suffering and for punitive damages. The Ohio Wrongful Death Act does not allow recovery for the decedent's pain and suffering, nor for punitive damages. Ohio Revised Code § 2125.01. A claim for pain and suffering may be made in an action for personal injuries, which claim survives the death of the injured party, but is subject to the two-year statute of limitations. Ohio Revised Code § 2305.21. Punitive damages may also be proper in an action for personal injury.

Plaintiffs claim that the complaint was drafted to set forth an action under Michigan's Wrongful Death Act, MCLA 600.2922, which provides for pain and suffering, loss of society and punitive damages. It is not clear whether plaintiffs challenge the application of Ohio law to this action, but after careful study, we agree with defendants that the law of Ohio must be applied.

Plaintiffs appear to accept Ohio law as proper authority by invoking the "Saving Clause" of the Ohio Code, which provides that the statute of limitations does not begin to run against any person who is out of the state when the cause of action accrues. Ohio Revised Code § 2305.15. Because all of the defendants are foreign corporations, plaintiffs claim that the statute of limitations has never begun to run against them and that the action on behalf of Victoria Bruck for personal injury is therefore not barred. Both plaintiffs and defendants agree that in any event, the statute of limitations did not begin to run against Victoria Bruck until she reached the age of majority, which is 18 under Ohio law. Ohio Revised Code § 2305.16.

## A. Conflicts of Law

Even though there is no clear dispute over which state law should be applied in this case, plaintiffs' claim that this action was filed under Michigan's Wrongful Death Statute led us to thoroughly examine the question. It is settled that a United States District Court having jurisdiction based on diversity of the parties must apply the substantive law of the state of the forum in which it sits. This includes that state's Conflict of Laws law. *Klaxon v. Stentor Electric Manufacturing Company*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Erie v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). It is also settled that if a case is transferred under 28 U.S.C. § 1404 on motion of the defendant, the

transferee court must apply the law that would have been applied in the transferor court, so that a change of forum would mean a change in courtrooms, but not a change in law. *Van Dusen v. Barrack*, 376 U.S. 612, 639, 84 S.Ct. 805, 820, 11 L.Ed.2d 945 (1963). The question before the Court therefore is whether a Michigan state court hearing this case would apply the law of Michigan or Ohio.

■ Michigan recognizes the general rule of *lex loci delicti*: If a suit is filed in a Michigan court alleging injury for a wrong committed in another state, the Michigan courts will apply the substantive law of the state where the cause of action arose. *Sweeney v. Sweeney*, 402 Mich. 234, 262 N.W.2d 625 (1978); *Abendschein v. Farrell*, 382 Mich. 510, 170 N.W.2d 137 (1969).

■ Michigan has recognized an exception to this rule where the pertinent law of the state where the cause of action arose is against the public policy of Michigan. *Sweeney v. Sweeney, supra; Kircher v. Kircher*, 288 Mich. 669, 286 N.W. 120 (1939); *Rick v. Saginaw Bay Towing Company*, 132 Mich. 237, 93 N.W. 632 (1903). The Court, in *Rick*, noted that a law is not against the public policy of Michigan just because it is different, but only if it is "against good morals or natural justice, unless its enforcement would be prejudicial to the general interest of the citizens of the state." 132 Mich. at 240. This has been interpreted to mean that a public policy question exists if the law of the other state provides plaintiffs with a cause of action which does not exist in Michigan; such a cause of action will not be recognized by the Michigan courts. *Kircher v. Kircher, supra*, 288 Mich. at 671, 286 N.W. 120; *Kaiser v. North*, 292 Mich. 49, 289 N.W. 325 (1939).

In the one case in which the Michigan Supreme Court found that the public policy of Michigan demanded that the Courts apply Michigan substantive law rather than that of the *lex loci*, all the parties were Michigan residents, and the Court found a strong state interest in applying Michigan law. *Sweeney v. Sweeney, supra*, 402 Mich. at 242, 262 N.W.2d 625. In *Sweeney*, the law of the state where the cause of action arose barred the suit between the parties while the law of Michigan permitted it. The Court found that the public policy of the state of the parties' domicile demanded that plaintiffs be permitted to proceed with the suit. *Id.*

We find no public policy strong enough to warrant the application of Michigan law to this case. Michigan has no interest in this case; plaintiffs are citizens of Ohio, and the cause of action arose in Ohio, as did all events leading up to the deceased's illness and death. There is no way to conclude that a Michigan court would have applied Michigan law and we are bound to apply the law that would have been applied by the court in the original forum. The substantive law of Ohio therefore controls.

■ There is some question whether the measure of damages is a substantive or procedural matter. The general rule is that damages are determined by the state statute applied, which is generally where the cause of action arose. There are, however, cases decided under Michigan law that hold otherwise. *Branyan v. Alpena Flying Service, Inc.*, 65 Mich.App. 1, 236 N.W.2d 739 (1975); *Papizzo v. O. Robertson Transportation Limited*, 401 F.Supp. 540 (E.D.Mich. 1975). Both of these wrongful death actions involve plaintiffs who were residents of Michigan, and both courts specifically found that Michigan had a strong interest in protecting the rights of its residents. *Branyan*, 65 Mich.App. at 9–10, 236 N.W.2d 739; *Papizzo*, 401 F.Supp. at 543.

Were plaintiffs in the instant case residents of Michigan, we might be able to apply the more liberal Michigan rule regarding recovery of damages in a wrongful death action. We cannot, however, find any contact with the State of Michigan that warrants application of Michigan law. After a careful study of Michigan authority, we believe this is the result that the Michigan Supreme Court would reach if faced with the same set of facts. We reluctantly conclude, therefore, that plaintiffs' measure of damages is limited to that provided by Ohio law.

### B. *Savings Clause*

■ Plaintiffs argue that because all the defendants are foreign corporations, they are absent from the state for purposes of Ohio Revised Code § 2305.15. Under Ohio law, the application of the Savings Clause to toll the statute of limitations depends on whether personal service may be made on defendants within the state. *Seeley v. Expert, Inc.,* 26 Ohio St.2d 61, 72, 269 N.E.2d 121 (1971); *Mead Corporation v. Allendale Mutual Insurance Company,* 465 F.Supp. 355 (N.D.Ohio 1979). If the defendant is not amenable to personal service within the State of Ohio, it is deemed to be "out of state," even though substitute service may be made on the defendant by means of Ohio's long-arm statutes. *Id.* 26 Ohio St.2d at 69, 269 N.E.2d 121; *Scheer v. Air Shield, Incorporated,* 61 Ohio App.2d 205, 401 N.E.2d 478, 15 Ohio Ops.3d 321 (1979). A defendant who is "out of state" is not protected by Ohio statutes of limitation, as the statute does not begin to run against that defendant as long as it is out of the state. Conversely, if a defendant is not out of the state, the statute of limitations runs its natural course and is not tolled by the Savings Clause.

■ We find that certain of these defendants were not out of state for purposes of tolling the statute of limitations under Ohio Revised Code § 2305.15. Defendants Eli Lilly Company; Abbott Laboratories; Merck, Sharpe & Dohme; Rexall Drug Company; E. R. Squibb & Sons; and UpJohn Company all had statutory agents in Ohio subject to personal service of process, and Ohio's long-arm statute would not have been necessary for service of process on these defendants.

Plaintiffs rely on *Scheer, supra,* for the argument that defendants are foreign corporations and out of the state for purposes of tolling the statute of limitations. In *Scheer,* however, the only allegation that defendant was present and doing business in Ohio is found in plaintiff's complaint. The court found, however, that the complaint was ambiguous about the duration of defendant's presence in the state. 61 Ohio App.2d 205, 401 N.E.2d 478, 15 Ohio Ops.3d at 322. Because the court could not determine how long defendant had been in the state and there could have been more than one conclusion on the facts, the Ohio Court of Appeals held the trial court had erred in failing to find that the statute of limitations was tolled. *Id.,* 61 Ohio App.2d 205, 401 N.E.2d 478, 15 Ohio Ops.3d at 323.

This case before us today is not similar. The above-mentioned defendants all had statutory agents in the state for the purpose of receiving service of process and this is clearly indicated in the record. This is the means by which a party may easily acquire personal jurisdiction over foreign corporations and personal service on the agent is personal service on the corporation. *Mead Corporation v. Allendale Mutual Insurance Company,* 465 F.Supp. at 361. Plaintiffs' cause of action for personal injury on behalf of Victoria Bruck is therefore not saved as to these named defendants.

Therefore, partial summary judgment should be granted these named defendants on plaintiffs' claim for deceased's pain and suffering. This is in the nature of a survivorship claim and is barred by the statute of limitations as it was filed over two years after the cause of action arose. As to these defendants, plaintiffs have a claim only for wrongful death under Ohio Revised Code § 2125.01. Because punitive damages are not recoverable as a matter of law under Ohio's Wrongful Death Act, summary judgment should also be granted to the extent the wrongful death claim presents a plea for punitive damages. *Rubeck v. Huffman,* 54 Ohio St.2d 20, 22–23, 374 N.E.2d 411 (1980).

■ As to defendants Central Pharmacal Company and Vale Chemical Company, however, there is no evidence that they were present in the state for purposes of personal jurisdiction. The fact that these two defendants may have never been present in the state does not prevent the application of the Savings Clause so that the statute of limitations is tolled. *Seeley,* 26 Ohio St.2d at 65, 269 N.E.2d 121. As to these two defendants, the statute of limita-

tions was tolled under Ohio Revised Code § 2305.15. Plaintiffs may therefore maintain an action for personal injury against these defendants on behalf of their deceased. Recovery in such an action may properly include damages for pain and suffering and for punitive damages.

For the foregoing reasons, defendants' motion for partial summary judgment and for judgment on the pleadings is well taken and is hereby granted as to defendants Eli Lilly Company; Abbott Laboratories; Merck, Sharpe & Dohme; Rexall Drug Company; E. R. Squibb & Sons; and Up-John Company. The motion is denied as to defendants Central Pharmacal Company and Vale Chemical Company.

SO ORDERED.