**FISSEL, etc., Plaintiff-Appellant, v. GORDON, et, Defendants-Appellees.**

Ohio Appeals, First District, Hamilton County.

No. 6969. Decided July 6, 1948.

John P. Strother, Cincinnati, for plaintiff-appellant.
Calvin S. Cramer and Cedric Vogel, Cincinnati, for defendants-appellees.

## OPINION

By THE COURT:
This is an appeal on law and fact from a judgment finding on the issues joined in favor of the defendants. and entering judgment for the costs in their favor.

The plaintiff, Charles Fissel, conveyed an undivided one-half interest in certain real estate to defendant Stanley Gordon on March 18th, 1941. This action is one to have the conveyance and subsequent succession conveyances by Gordon to Lovita Giffert, and by her to Martha Lee Johnson and Grace Cox set aside, and the title of the plaintiff quieted, and for an accounting of rent and for damages.

The sole ground alleged in the petition and the amended petition, or amendment to the petition as it is variously called, is that at the time the plaintiff executed the deed to Stanley Gordon he was of unsound mind and lacked the mental capacity to execute a deed. There is no allegation or proof that Lovita Giffert at the time she acquired title knew of any defect in the title of Gordon, and unless the deed from Gordon to her was totally void, she acquired a title that was

free of any equity which the plaintiff might have had to rescind the conveyances and recover the title and possession of the property. The conveyance to Martha Lee Johnson and Grace Cox was made during the pendency of this action, and, of course, they took title subject to whatever judgment might be entered in this action, but if Lovita Giffert's title was free of the claim of the plaintiff, their title would be equally so.

We have weighed the evidence in this case and have been unable to find any substantial evidence that in 1941 when the deed to Gordon was executed the plaintiff lacked the mental capacity to execute a deed. At that time he was transacting every other form of business contracts of employment, depositing in and withdrawing money from a building association, etc.,—and performing all other acts that would normally be performed by a sane person in his environment. There is a failure of proof of a lack of mental capacity.

As the sole ground alleged for invalidating Gordon's deed is mental incapacity, our finding therefore disposes of the entire case.

It might be added, however, that a deed executed by an insane person is not void unless the person is so bereft of reason as to make him incapable of giving even an imperfect assent to the transaction. 22 O. Jur., 67, et seq.; 28 Am. Jur., 692 et seq. They are voidable. And mere weakness of mind in the absence of fraud or undue influence is not a ground for declaring a deed either void or voidable. 22 O. Jur., 79. The title of Lovita Giffert would, therefore, be free of any claim of the plaintiff and she could transmit such title to her grantees, notwithstanding the pendency of this action. That would prevent the plaintiff from recovering the real estate, and would leave nothing to be considered except the claim for a personal judgment, and as to that there is no allegation of fraud or undue influence against any of the defendants and no substantial evidence to that effect.

For these reasons, a judgment may be entered finding on the issues in favor of the defendants and adjudging the costs against the plaintiff.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur.